**ABRAHAM HAMRA, ESQ.**
**ANTHONY R. PORTESY, ESQ.**
**HAMRA LAW GROUP, P.C.**
32 Broadway, Suite 1818
New York, New York 10004
T. 646-590-0571
F. 646-619- 4012
E-mail: ahamra@hamralawgroup.com
E-mail: aportesy@hamralawgroup.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                        :
ROCCO E GIORDANO, and FADED ROYALTY, INC.    :
                                                                        :          Case No.
                          Plaintiff,                                    :
                                                                        :
          v.                                                            :          **COMPLAINT**
                                                                        :
NIKE, INC., NIKE USA INC.                                               :          **JURY TRIAL DEMANDED**
MIKE POKUTYLOWICZ,                                                      :
STRUGGLE INC.,                                                          x
CODY HUDSON, MICHAEL JORDAN, JOHN Doe 1-10,
JANE DOE 1-10, and JOHN DOE CORP 1-10.

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff, ROCCO E. GIORDANO ("Rocco" and/or "Giordano"), and Faded

Royalty, Inc ("Faded"). (collectively, "Plaintiffs") by their undersigned attorneys, Hamra

Law Group, P.C., as his Complaint against defendants Nike, Inc., NIKE USA, INC., Mike

Pokutylowicz, Struggle Inc., Cody Hudson, Michael Jordan, John Doe 1-10, Jane Doe 1-

10, and John Doe Corp 1-10, (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

    1.    This is an action for copyright infringement, violations of the Lanham Act,

deceptive business practices, unfair competition, common law trademark infringement, and unjust enrichment arising from Defendants' creation and use and publication of an unauthorized replica and or derivative work of Plaintiff's "6 Point" Star Logo.

2.      Upon information and belief, Defendants intentionally, and without authorization from Plaintiff, created apparel and other promotional goods using Plaintiff's "6 Point" Star Logo and used the image to promote and brand Nike apparel for 2020 NBA All Star Weekend, and are currently selling the items on their website.

3.      By this action, Plaintiff seeks preliminary and permanent injunctive relief, compensatory damages in an amount to be determined at trial but believed to exceed $10,000,000, treble and statutory damages, and attorneys' fees under the Copyright Act, together with remedies for related common law claims for deceptive practices, unfair competition, trademark infringement and unjust enrichment.

## THE PARTIES

4.      Plaintiff, Rocco, is an individual that resides in Jersey City, New Jersey.

5.      Plaintiff, Faded, is a New York domestic business corporation with its principal place of business at 40 Clinton Street, New York, New York 10002.

6.      Faded was initially incorporated in the State of New Jersey in 2011, before incorporating as a NY corporation in 2017.

7.      Plaintiff, Rocco, is an artist and designer and a shareholder of Faded.

8.      Rocco's distinctive style has earned both him and Faded substantial notoriety globally.

9.      Upon information and belief, Defendant Nike, Inc. is a foreign business corporation registered in the State of Oregon with his headquarters located at ONE

BOWERMAN DRIVE BEAVERTON, OREGON, 970005 that does business within the State of New York as Nike Inc.

10.     Upon information and belief, Defendant Nike, USA Inc. is a foreign business corporation registered in the State of Oregon with his headquarters located at ONE BOWERMAN DRIVE BEAVERTON, OREGON, 970005 that does business within the State of New York as Nike Inc.

11.     Upon information and belief, Defendant Michael Jordan ("Jordan") is a natural person and Nike Inc's partner in its top selling brand referred to as the "Jordan Brand" in Nike's marketing and 10-k filings.

12.     Upon information and belief, Struggle Inc., is a foreign corporation registered in the State of Illinois operated by Cody Hudson, with a listed address of 2210 N Maplewood Ave, Chicago, IL 60647.

13.     Upon information and belief Cody Hudson, is an individual residing in Chicago in the state of  Illinois.

14.     Upon information and belief, Mike Pokutylowicz, is an individual, who operates and owns sneakerfits.com, and resides in Montreal, Canada.

### JURISDICTION AND VENUE

15.     This Court has jurisdiction over Plaintiff's claims pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., pursuant to 17 U.S.C. §501(a) as well as 28 U.S.C. § 1331 (original jurisdiction over federal questions), and 28 U.S.C. § 1338(a) (original jurisdiction over copyright claims).

16.     This Court has jurisdiction over Plaintiff's state-law and common law claims pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship among the

parties and the amount in controversy exceeds $75,000, and to 28 U.S.C. § 1367(a), because those claims that are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17.     This Court has personal jurisdiction over Defendants because Defendants regularly transact and conduct business within this judicial district and otherwise have made or established contacts within this district sufficient to permit the exercise of personal jurisdiction.

18.     Venue is proper pursuant to 28 U.S.C. § 1391, because Plaintiff is domiciled in this judicial district and Defendants have sufficient connections here to make venue proper.

**FACTS COMMON TO ALL CLAIMS**

19.     In the year 2000, Rocco Giordano ("Giordano"), was a fixture in the music and entertainment business as well as a designer of fashionable clothing that became popular in the music and lifestyle community.

20.     In 2000, Plaintiff began operating as an apparel company entitled "Faded Royalty" which is derived from the British term for the youngest son of a king, who will never take on the title of king himself.

21.     Beginning in the year 2000, Plaintiff created and began using its "6 Point Star" logo (hereinafter referred to as "6 Point logo") on all of its apparel, whether it be on the tags, embroidered into the apparel, or printed right on the clothing itself.  It is the Faded Royalty Logo pictured below:



22.     Faded was an immediate hit and Rocco, began selling apparel with his 6 point logo and design imprinted on it, to various retailers throughout the US, from the Year 2000- until present.

23.     In or around 2005, Plaintiff started a Faded Royalty website in which it began selling its own apparel, displaying its "6 Point Logo" on each item of apparel and hats it sold.



24.     In or around 2013, Lids Inc., the popular athletic headwear retailer began to sell the "6 Point Logo" hat on its website, www.lids.com.

25.     In or around 2010, Rocco, formally incorporated, Faded Royalty Inc., in New Jersey and licensed his design, "6 Point Logo" to Faded on a non-exclusive basis.

26.     Plaintiffs then opened their first physical  location selling clothing and related apparel, as well as art,  in Jersey City, New Jersey with the Six Points logo being the main focal point and the brand logo.



27.     Plaintiff operated the Jersey City store from 2010 until 2016.

28.     On or around June 16, 201l, Plaintiff, Rocco, filed with the USPTO a Trademark application over his design logo, on June 5, 2012 the Trademark was published for opposition and on or around August 21, 2012, the USPTO registered the Trademark:



| | |
|---|---|
| Goods and Services | (CANCELLED) IC 025. US 022 039. G & S: Baseball caps and hats; Bermuda shorts; Button down shirts; Crew neck sweaters; Denim jackets; Dress shirts; Heavy jackets; Outer jackets; Polo shirts; Scarfs; Short-sleeved shirts; Shorts; Sweaters; T-shirts; V-neck sweaters. FIRST USE: 20000801. FIRST USE IN COMMERCE: 20000801 |
| Mark Drawing Code | (2) DESIGN ONLY |
| Design Search Code | 01.01.04 - Star - a single star with six points |
| Serial Number | 85348617 |
| Filing Date | June 16, 2011 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | June 5, 2012 |
| Registration Number | 4192984 |
| Registration Date | August 21, 2012 |
| Owner | (REGISTRANT) Rocco E Giordano INDIVIDUAL UNITED STATES 481 Central Ave Jersey City NEW JERSEY 07307 |
| Description of Mark | Color is not claimed as a feature of the mark. The mark consists of a six pointed star with all inner points meeting off center. The north point's left side is longer than the north point's right side. Turning clockwise, the top side of the next point is longer than the bottom point of the side. Continuing clockwise, the top side of the next point is longer then the bottom. The right side of the next point is slightly higher then the left side. There is a space between this point and the next point going clockwise. The next point is the thinnest and shortest. The bottom part of this point is longer then the top side. Both sides are even on the next and final point. |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | DEAD |
| Cancellation Date | March 22, 2019 |

29.     The Trademark application listed the first use as August 1, 2000, it was cancelled by the USPTO due to not filing a maintenance statement. However, the mark has not been abandoned and has been used since the year 2000 until currently, without interruption.

30.     Thereafter, Plaintiff expanded operations opening a Lower East Side Manhattan location around 2012, which is still currently operated.

31.     Around 2012 and continuing to the present day, Plaintiff's designs are sold on the website www.karmaloop.com which generates $100 million dollar in sales annually.

32.     Beginning in 2014 and ending in 2015, Plaintiff operated a "pop up" store in the historic South Street Seaport Museum on Fulton Street in Lower Manhattan.

33.     Tourists from all over the globe flock to the South Street Seaport  Museum in the financial district to learn about the location's origins as a global port of entry to commerce and the diverse communities that were birthed from the region.

34.     Plaintiff's "pop up" location was immensely successful to expand Plaintiff's 6 Points Logo to a global demographic of tourists from all over the world.

35.     In June 2017, Giordano was asked by CNBC to appear on the national television show "The Profit" where consumers across the nation were introduced to Giordano's company, the 6 Point Logo, and the Plaintiff's brand.

36.     The CNBC show the Profit, featuring Plaintiffs aired on CNBC, on January 18, 2018.

37.     In our around 2019, Plaintiff's work was featured on "thedrop.com" further expanding plaintiff's presence in the apparel industry.

38.      In  early 2019 and into early 2020, Plaintiff operated a pop up store in Chelsea Market which allowed Plaintiff to reach the nearly six million consumers who visit Chelsea market annually.

39.     In or around February, 2020, multiple individuals communicated with Rocco Giordano, the Creative Director and Founder of Faded Royalty Inc. to congratulate them for making a deal with Nike, Inc, and the Jordan Brand. Below are pertinent screengrabs of the conversations:



40.     The Defendant did not know what the individuals meant by these messages and began investigating the claims.

41.     Plaintiffs' investigation found that the Defendants had coveted his logo to design apparel for NBA 2020 All Star Weekend.

42.     Plaintiff's 6 Point Logo on the left and the logo used in the merchandise sold by Defendants on the right is completely identical:




43.     Plaintiff did not, and has not, transferred his copyright interest in the "6 Points Logo" to Defendants in any capacity whatsoever and was flabbergasted to learn that the fruits of his labor were being used without his consent for profits by one of the largest apparel companies in the world.

44.     Plaintiff registered his copyright with the Copyright Office and obtained a registration number over his copyright.

### *The Infringing Nike, Inc., Nike Usa Inc., The Jordan Brand, Cody Hudson, and Michael Jordan*

45.     Nike Inc, Nike Usa Inc.  and its Jordan Brand ™ embarked on a plan to "partner" with eight local talents on a collection that invoked all eight of Chicago's transit line colors (https://jordanblog.wpengine.com/card/introducing-the-jordan-chicago-collaborators-collection/).

46.     Nike and its Jordan Brand ™ marketed this as the "Jordan Chicago Collaborators' Collection ("JCCC") to be released on February 15, 2020.

47.     For its "Orange Line" collection, Nike ™ and Jordan Brand ™ partnered

with Cody Hudson and his companies Struggle Inc., Land And Sea Dept. and Letherbee
Distillers.

48.     The goal of the partnership was to create clothing that was to be marketed
and sold through Nike's various platforms and the platforms of its partners including the
National Basketball Association ("NBA") and its All Star Game venue.

49.     Upon information and belief, these platforms included: its website
Nike.com, its Nike Storefronts, NBA.com, nike.com/Jordan, airjordan.com, nba.com, as
well as the various social media platforms including Facebook ™, Instagram ™, and
Twitter ™ including but not limited to: Instagram.com/nbaallstar, twitter.com/nbaallstar,
https://www.facebook.com/NBA-ALL-STAR-GAME-44086933986/,   as well as other
sales and media platforms not known at this time.



50.     On information and belief, Nike, Inc. has and is displaying the Infringing
Image as its own creation for the apparel it sold and created for 2020 All Star Weekend
related to the  JCCC.

51.     On information and belief, Nike, Inc.  publicly and falsely claim that the

Infringing Image is Cody Hudson's own exclusive work of creativity as evidenced by

Nike's own press release (https://news.nike.com/news/jordan-brand-8x8-collection-nba-

all-star-2020):

> The Jordan Chicago Collaborators' Collection for NBA All-Star 2020 serves as a
> canvas for the Chicago creative community to represent their neighborhoods through
> footwear and apparel. Each collaborative partner used specific transit line colors to
> enliven their ideas and reimagine what Jordan Brand's UNITE rallying cry means to
> them and to the city of Chicago.



The Jordan Cody Hudson Chicago Collaborators' Collection (Orange): Cody Hudson
hoodie, Cody Hudson long-sleeve tee

52.     On information and belief, Nike, Inc and Michael Jordan have and are

displaying branding and advertising material containing the Infringing Image, including (i)

advertisements in print and online media promoting the apparel, (ii) and posts on social

media.

53.     On information and belief, Nike, Inc., Jordan Brands, have and are selling

merchandise that contain the Infringing Image, including (i) sweatshirts, (ii) sculptures, (v)

coffee cups, (vi) books.   (Together with the logo, branding and advertising materials

referenced above, these infringing items are hereinafter referred to as the "Jordan 8x8 All

Star Collection").

54.     On information and believe the Defendants infringement was willful.

55.     On information and believe Defendants knew the 6 point star was created by Rocco, and that it was the official logo of Faded Royalty, due to the publicity, T.V. air time, and attention the Faded Royalty brand and in particular it's logo, the 6 point star has Garnered in the last twenty years of its existence.

56.     On information and believe Sneakerfits**.com, offered an article and a clickable "shop" button on its page for the infringing goods in question. In exchange for a commercial benefit.**





Jordan x Cody Hudson Hoodie

57.    Defendants have caused confusion in the marketplace as to who truly created this six-point logo, and it is negatively affecting our client's business.

58.    Defendants advertised and hosted showing parties, in which cups using the logo were given out, art sculptures with the logo standing 10 feet tall, decrying it a creation of Cody Hudson.

59.    Defendants profited off of their illegal and infringing use of Plaintiffs' Copyright, and Trademarked logo.

### Struggle Inc and Cody Hudson's Marketing of the 6 Points Logo

60.    On Struggle Inc's webpage, there is an entire page dedicated to the 8 x 8 All Star Collection whereby Hudson details the marketing lengths that were deployed to depict the 6 Points Logo.

61.    Cody Hudson's, name and reputation was lifted due to this logo theft, and the Defendants profited over the publicity and by selling actual goods with the logo imprinted on them.

62.    His infringement was willful and intentional.

14

63.     A sculpture was developed at the "Notre" shop in Chicago displaying the

6 Points Logo.



64.     Further, a coffee and tea location entitled "Heavy Drip" was created

serving complimentary beverages while the sculpture of the 6 Points Logo was installed.



65.     A screen print was designed with the logo depicted prominently on the

poster.



Source: https://www.struggleinc.com/#/jordan-8x8-all-star-collection/

66.     Lastly and most importantly, a local publication "Street Wise" was brought

in as a partner with the Six Points Logo featured predominantly on the cover.



**Source:** https://www.struggleinc.com/#/jordan-8x8-all-star-collection/

*Adoption, Use and Registration Of The Name and SIX POINTS MARK*

67.     Plaintiff first began to use the 6 Points Logo as early as *2000* and has continued and expanded upon that use up to the present time.

68.     Plaintiff created the 6 point logo, in the year 2000, about 18 years prior to Defendants use.

69.     Since long prior to the acts complained of herein, members of the apparel industry, as well as consumers throughout the world, have recognized the 6 Points Logo as belonging to Plaintiffs, identifying Plaintiff Faded Royalty Inc. and as a design mark and logo, designating services or products of the highest quality originating exclusively from Plaintiffs.

70. Plaintiff is the owner of the following copyright registrations for the work titled "Faded Royalty 6 point star."

| Reg. No. | Reg. Date | Mark |
|----------|-----------|------|
| VA0002204916 | 05-26-2020 | Faded Royalty 6 point star |

## COUNT 1
### (Federal Copyright Infringement, 17 U.S.C. § 501(a))

71.     Plaintiffs repeat and re-allege paragraphs 1 through 68 of this Complaint as if fully set forth herein.

72.     Plaintiff is the exclusive owner of copyrights in and related to the "6 Point" Star Logo and possesses copyright registrations with the United States Copyright Office relating to the "6 Point" Star Logo.

73.     On information and belief, Defendants have actual notice of Plaintiff's exclusive copyrights in the "6 Point" Star Logo.

74.     Defendants did not seek and failed to obtain Plaintiff's consent or authorization to prepare, utilize, manufacture, reproduce, copy, display, distribute, sell, transfer, rent, perform, and/or market derivative works of the "6 Point" Star Logo.

75.     Without permission, Defendants intentionally and knowingly copied or prepared derivative works of Plaintiff's protected "6 Point" Star Logo, used, displayed, offered, advertised, and promoted those unauthorized derivative works for Defendants' commercial advantage.

76.     Defendants' acts as alleged herein, constitute infringement of Plaintiff's Copyright in the "6 Point" Star Logo, including Plaintiff's exclusive rights to prepare derivative works of, reproduce, distribute and/or sell such protected material.

77.     By the actions alleged in this Complaint, Defendants have infringed and, unless enjoined by this Court, will continue to infringe Plaintiff's copyrights in and relating to the "6 Point" Star Logo.

78.     Plaintiff is entitled to receive all appropriate injunctive relief, including but not limited to the relief available under 17 U.S.C. §§502-503.

79.     Plaintiff is further entitled to recover from the Defendants the damages, including attorneys' fees, she has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' willful acts of infringement alleged in this Complaint, including but not limited to such damages and awards as are available under 17. U.S.C. §§504-505.

## COUNT II
### (Common Law Copyright Infringement)

80.     Plaintiffs repeat and re-allege paragraphs 1 through 77 of this Complaint as if fully set forth herein.

81.     Plaintiff is the owner of the common law copyright in the "6 Point" Star Logo.

82.     Defendants have prepared derivative works of Plaintiff's "6 Point" Star Logo without Plaintiffs' permission and used those misappropriated images for Defendants' commercial benefit.

83.     As a direct result of Defendants' actions Plaintiff has sustained, and is likely to continue to sustain, damages.

84.     Accordingly, Plaintiffs are entitled to enjoin Defendants' unlawful conduct, to compensatory damages in an amount to be determined at trial, and to their reasonable attorneys' fees in this action.

## COUNT III
### (Violations of the Lanham Act; False Designation of Origin/False Description-Lanham Act 43(a))

85.     Plaintiffs repeat and re-allege paragraphs 1 through 82 of this Complaint as if fully set forth herein.

86.     By the actions alleged in this Complaint, Defendants have engaged in false designation of origin and false and misleading description of fact regarding the creation and ownership of the Infringing Image.

87.     As a result of Defendants' false designation of origin, and/or false and misleading descriptions, the public has been led to believe that Cody Hudson is sole and exclusive creator and owner of the Infringing Image.

88.     Annexed hereto as Exhibit A are the Plaintiff's trademarks

89.     As a result of Defendants' false designation of origin, and/or false and misleading descriptions, the public has been led to believe that Cody Hudson is sole and

exclusive creator of the "6 Point" Star Logo.

90.   By Defendants' actions, the public has been led to believe that Plaintiff endorses, affiliates with, or approves of the use of the "6 Point" Star Logo in the creation and use of the Infringing Image and Infringing Materials.

91.   Consumers are further mistakenly led to believe that Plaintiff has authorized the use of his "6 Point" Star Logo in the advertising and promotion of the Infringing Materials when no such authorization has been obtained.

92.   By virtue of the conduct described herein, Plaintiff's reputation, good will and growth of his business have been harmed.

93.   Defendants' acts, as described above, have caused or are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship or approval of the "6 Point" Star Logo, the Infringing Image and the Infringing Materials among the trade or the public and therefore constitute unfair competition in violation of 15 U.S.C. §1125(a).

94.   Plaintiff has suffered and, unless Defendants are enjoined by this Court, will continue to suffer damages as a result of Defendants' false and/or misleading statements and related tortious conduct. Plaintiff has no adequate remedy at law.

95.   Pursuant to 15 U.S.C. §1117, when a violation of 15 U.S.C. § 1125(a) shall have been established in any civil action, the plaintiff in such action shall, subject to the principles of equity and the statutory limitations set forth therein, be entitled, inter alia, to recover Defendants' profits, any damages sustained by the Plaintiff, and the costs of the action, and in exceptional cases the court may award reasonable attorney's fees to the prevailing party.

96.     Plaintiff is entitled to recover from Defendant profits, damages, costs, and attorney's fees pursuant to 15 U.S.C. §1117, and is further entitled to the destruction of infringing articles as provided by 15 U.S.C. §1118.

97.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to an equitable remedy of an accounting, and a disgorgement of, all such wrongfully derived revenues and/or profits.

## COUNT IV
**(Deceptive Practice Under New York's General Business Law)**

98.     Plaintiffs repeat and re-allege paragraphs 1 through 95 of this Complaint as if fully set forth herein.

99.     The acts of Defendants as alleged herein have deceived or misled, or have a tendency to deceive or mislead the public.

100.     The acts of Defendants as alleged herein have caused harm to the public.

101.     Defendants' false and misleading representations of fact and conduct have influenced the purchasing decisions of the public.

102.     By reasons of Defendants' knowingly false and misleading representations of fact and conduct, Defendants have violated New York General Business Law §349.

103.     By reason of Defendants' acts herein alleged, Plaintiff, as well as the public, has been injured.

104.     Plaintiff has suffered and will continue to suffer substantial irreparable harm unless Defendants are restrained from its wrongful conduct.

105.     Plaintiff has no adequate remedy at law.

106.     Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages, costs, disbursements, and

attorney's fees.

## COUNT V
### (Common Law Unfair Competition)

107.    Plaintiffs repeat and re-allege paragraphs 1 through 104 of this Complaint as if fully set forth herein.

108.    As described above, Defendants have engaged in false and misleading representations and omissions and engaged in deceptive conduct.

109.    Defendants' conduct deceived or is likely to deceive the purchasers and potential purchasers of the apparel.

110.    Defendants' false and misleading representations and deceptive conduct are material in that the same were and are likely to affect purchasers and potential purchasers of apparel.

111.    Defendants have engaged in unfair competition under the common law of the State of New York.

112.    As a direct result of said deceptive conduct, Plaintiff has sustained and is likely to continue to sustain damages.

113.    Plaintiff has no adequate remedy at law.

114.    Plaintiff is entitled to exemplary and punitive damages by reason of Defendants' willful, reckless, deliberate and intentional conduct.

## COUNT VI
### (Unjust Enrichment)

115.    Plaintiffs repeat and re-allege paragraphs 1 through 112 of this Complaint as if fully set forth herein.

116.    As a consequence of Defendants' actions, Plaintiff has been denied any

financial compensation and credit in connection with the Infringing Image and Infringing Materials

117.    Defendants have been enriched by the use of the "6 Point" Star Logo in connection with the Infringing Image and Infringing Materials at Plaintiff's expense. The circumstances are such that equity and good conscience require the defendants to make restitution in an amount to be proven at trial.

### COUNT VI
### Common Law Trademark Infringment

118.    Plaintiffs repeat and re-allege paragraphs 1 through 114  of this Complaint as if fully set forth herein.

119.    Plaintiff Rocco has used the "6 Point Star Logo" as the official logo of his company Faded Royalty, Inc.

120.    The public have come to equate the 6 Point Star Logo with plaintiffs offerings.

121.    Defendants have used their substantially similar or virtually identical "6 point star" on their apparel, and other promotional goods offered to consumers in New York State and worldwide, and have thus infringed on Plaintiff, Rocco's, exclusive Common law Trademark rights.

122.    Such conduct is likely to cause confusion, deception and mistake in the minds of members of the public with respect to the origin, source, and affiliation of one or more of the Defendant's knock off "6 Point Star Logo", placed on their apparel and promotional goods.

123.    Plaintiffs have been and continue to be damaged by Defendants' activities and conduct. Defendants have profited thereby and unless their

conduct is enjoined, Plaintiffs and their goodwill, business reputation and the distinctive quality of Plaintiffs Trademark, service marks, and trade dress will suffered irreparable injury which cannot be adequately calculated or compensated solely by money damages.

124.     Plaintiff have no adequate remedy at law.

125.     Defendants' wrongful conduct arises directly out of and is connected to Defendants' continued advertising, and selling activities.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.  that Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of the Court's order by personal service or otherwise, be permanently enjoined from: (i) copying the "6 Point" Star Logo; (ii) publishing, on any website or otherwise, the Infringing Image; and (iii) representing that Defendants are the owners or creators of the Infringing Image;

2.  A finding that the infringement was willful;

3.  awarding Plaintiffs their actual damages sustained as a result of Defendants' wrongful actions, in an amount to be determined at trial but believed to be in excess of $10,000,000, and treble and statutory damages;

4.  performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or are in some way connected, or that Plaintiffs are a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the

supervision or control of Plaintiffs, or that the services of Defendants originate with Plaintiffs or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

5.   That Defendants be required to deliver up for destruction all stationery, signs, advertisements, brochures, promotional materials and other written materials which bear the name and mark Six Point Logo or any other name or mark confusingly similar to Plaintiff's 6 Point Logo and/or family of marks together with all plates, molds, matrices and other means and materials for making or reproducing same;

6.   awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums;

7.   awarding Plaintiffs their costs in this civil action, including reasonable attorneys' fees and expenses;

8.   awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement, as the Court finds appropriate;

9.   directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised, or promoted by or on behalf of Defendants are authorized by Plaintiffs or related in any way to Plaintiffs' products or services;

10.  directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above; and

11. awarding Plaintiffs such other and further relief as the Court may deem just and

proper.


Dated: June 24, 2020
        New York, NY

                                    Respectfully Submitted,


                                    **HAMRA LAW GROUP, P.C.**

                                      _/s/ Abraham Hamra._
                                    Anthony, Portesy, Esq.
                                    Abraham Hamra, Esq.
                                    *Attorneys for Plaintiffs*
                                    32 Broadway, Suite 1818
                                    New York, New York 10004
                                    Tel.: (646) 590-0571
                                    Fax.: (646) 619-4012
                                    E-mail: Ahamra@hamralawgroup.com
                                    E-mail: Aportesy@hamralawgroup.com


                        **DEMAND FOR TRIAL BY JURY**

        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

requests a trial by jury on all issues so triable.

Dated:   June 24, 2020


                                    */s/ Abraham Hamra*
                                    Abraham Hamra, Esq