

# HAMRA LAW GROUP, PC.

32 B<small>ROADWAY</small>, S<small>TE</small>. 1818, N<small>EW</small> Y<small>ORK</small>, N<small>Y</small> 10004
W<small>EB</small>: W<small>WW</small>.H<small>AMRALAWGROUP</small>.C<small>OM</small>

Anthony Portesy, E<small>SQ</small>.  T: 646.590.0571
APORTESY@HAMRALAWGROUP.COM  F: 646.619.4012

September 14, 2020

**VIA ECF**
Honorable Analisa Torres
United States District Judge
U.S. District Court — Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Giordano et al v. Nike Inc. et al**
    **20-cv-04975-AT**

Dear Judge Torres:

This office represents Plaintiffs Rocco Giordano ("Giordano) and Faded Royalty Inc ("Faded Royalty") in the above captioned matter. We write jointly along with counsel for NIKE, Inc. and NIKE USA, Inc. (collectively, "NIKE") in accordance with Your Honor's Order dated July 3, 2020 and the Court's Individual Rules of Practice regarding Initial Pretrial Conferences. Outlined below are each party's respective positions regarding the aforementioned litigation. The initial conference is slated for an in person conference at 11:20 AM on September 21, 2020.

**Plaintiffs Giordano and Faded Royalty Inc's Statement**

Plaintiffs created their proprietary "Six Point Logo" in the year 2000 and have sold goods bearing the Logo continuously since the year 2000. The Defendants copied the Six Point Star and have sold a wide range of apparel bearing the Six Point Logo beginning with promotions for the 2020 NBA All-Star Weekend. Plaintiffs brought this action seeking damages for violation of their rights under the Copyright Act, 17 U.S.C., §501 et seq, r §43(a) of the Landham Act, as well as claims for unjust enrichment, and unfair competition under New York law. Plaintiffs' damages include their own lost profits and Defendants' wrongful profits.

Since the filing of the Complaint, the parties have exchanged correspondence regarding the claims against Defendants. On Friday, September 11, 2020, Plaintiffs' filed a Rule 41 Stipulation of Dismissal (Dkt No.35) without prejudice against Michael Jordan and Mike Pokutylowicz.

**Defendants NIKE, Inc. and NIKE USA, Inc.'s Statement**

NIKE did not "copy" Plaintiffs' asserted "Six Point Star." To the contrary, the accused work – a distinct abstract star design – was created independently by artist and graphic designer, Cody Hudson.



# HAMRA LAW GROUP, PC.
32 Broadway, Ste. 1818, New York, Ny 10004
Web: Www.Hamralawgroup.Com

Anthony Portesy, Esq.  
aportesy@hamralawgroup.com

T: 646.590.0571  
F: 646.619.4012

Mr. Hudson, who worked with NIKE on a collaboration related to the City of Chicago, created an original design emblematic of the 6-pointed star found on the Chicago flag. (Chicago hosted the 2020 NBA All-Star Game that spurred NIKE's limited-edition apparel line at issue.) Mr. Hudson's independent creation of the accused design is a complete defense to Plaintiffs' copyright infringement claims. Plaintiffs' copyright claim, however, fails as a matter of law as well. Plaintiffs' alleged copyright in the Faded Royalty "Six Point Star" does not grant them a monopoly over the *idea* of an abstract, asymmetrical 6-pointed star design—it only affords protection over the particular *expression* of that idea. Because Plaintiffs' alleged copyrighted work is wholly comprised of a public domain element (*i.e.*, a common geometric shape), the scope of Plaintiff's copyright protection is thin. As Mr. Hudson's original expression of an asymmetrical 6-pointed star differs substantially from the limited protectable elements of Plaintiffs' alleged copyrighted work, Plaintiffs' copyright claims fail. With respect to Plaintiffs' trademark claims, NIKE's ornamental, non-trademark use of the accused 6-pointed star as a decorative design on limited-edition apparel is protected by fair use and, in any event, is not likely to cause consumer confusion as to source in the marketplace. NIKE has transmitted to Plaintiffs NIKE's initial pre-motion letter setting forth the legal bases for dismissal of Counts I (Federal Copyright Infringement), II (Common Law Copyright Infringement), IV (Deceptive Trade Practices), and VI (Unjust Enrichment) pursuant to Rule 12(b)(6). If Plaintiffs do not agree to voluntarily dismiss such claims against NIKE, NIKE intends to file with the Court a letter that details the bases for NIKE's anticipated Rule 12(b)(6) motion to dismiss.

## Contemplated Motions

Plaintiffs anticipate moving for partial summary judgment as to liability at the conclusion of discovery.

NIKE intends to file a motion to dismiss, as noted above, and a summary judgment motion as to any remaining unresolved issues after discovery concludes. Moreover, while NIKE is cognizant that the Court generally disfavors staying discovery pending dispositive motions, NIKE respectfully submits that such a stay is warranted here due to the strength of NIKE's arguments on its anticipated motion to dismiss and the discovery burdens that flow from the challenged claims.

Plaintiffs have analyzed the claims put forth by the NIKE Defendants, have eliminated the some parties and believe a streamlined discovery process will allow the parties to reach a just and prompt resolutions of the claims outlined herein. However, Plaintiff's do not consent to a stay of the action and believe that this will only serve to delay in what is a rather straight forward claim where discovery will allow the parties to ascertain the wrongful profits of the Nike Defendants.

## Prospect for Settlement



# HAMRA LAW GROUP, PC.

32 Broadway, Ste. 1818, New York, NY 10004
Web: Www.Hamralawgroup.Com

Anthony Portesy, Esq.  T: 646.590.0571
APORTESY@HAMRALAWGROUP.COM  F: 646.619.4012

The parties have not discussed settlement. However, Plaintiffs and NIKE have discussed and are negotiating the early, informal exchange of documents and information sufficient to show net sales derived from NIKE goods bearing the accused design.

Sincerely,

Anthony R. Portesy Esq.

Cc: All counsel, via ECF