

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Tamar Y. Duvdevani
Tamar.Duvdevani@dlapiper.com
T   212.335.4799
F   917.778.8799

September 18, 2020
*VIA ECF AND EMAIL*

The Honorable Analisa Torres
U.S. District Judge, S.D.N.Y
500 Pearl Street
New York, NY 10007-1312

**Re:**   *Giordano, et. al v. NIKE, Inc., et. al*, **Case No. 1:20-cv-04975**

**Dear Judge Torres:**

As counsel for defendants NIKE, Inc. and NIKE USA, Inc. (collectively, "NIKE") in the above-referenced matter, we respectfully submit this pre-motion letter pursuant to the Court's Individual Practice Rules III(A) & (B) and to set forth NIKE's position on its anticipated Rule 12(b)(6) to dismiss Plaintiffs' claims for federal copyright infringement (Count I) and unjust enrichment (Count IV).

**Procedural Background**

Plaintiffs filed their Complaint on June 29, 2020 against defendants NIKE, Mike Pokutylowicz, Struggle, Inc., Cody Hudson, and Michael Jordan.  (Dkt. 1.)  The Complaint asserted seven counts against all Defendants—federal copyright infringement, common law copyright infringement, federal trademark infringement, common law trademark infringement, deceptive business practices under NY GBL § 349, common law unfair competition, and unjust enrichment.  Plaintiffs served NIKE on August 3, 2020 (Dkt. 21) and NIKE's deadline to answer or respond to the Complaint was extended to September 11, 2020.  (*See* Dkt. 27.)

On September 4, 2020, defendants NIKE and Pokutylowicz served Plaintiffs with initial pre-motion letters required by the Court's Individual Practice Rule III(B)(ii), setting forth the legal bases for their anticipated Rule 12 motions to dismiss.  NIKE's initial pre-motion letter notified Plaintiffs that NIKE intended to file a Rule 12(b)(6) motion to dismiss Plaintiffs' federal and common law copyright infringement, deceptive business practices, and unjust enrichment claims.  Mr. Pokutlyowicz's initial pre-motion letter advised Plaintiffs that he also intended to file a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(1).

On September 11, 2020, Plaintiffs filed a motion for voluntary dismissal of defendants Pokutylowicz and Jordan (Dkt. 35), which the Court so-ordered on September 14, 2020.  (Dkt. 36.)  Plaintiffs did not serve a letter in response to NIKE's initial pre-motion letter, but instead filed a First Amended Complaint ("FAC") on September 15, 2020.  (Dkt. 39.)  In addition to



Hon. Analisa Torres
September 18, 2020
Page Two

dismissing defendants Pokutylowicz and Jordan, the FAC excludes the previously alleged common law copyright infringement and deceptive business practices claims.  However, the FAC maintains the federal copyright infringement and unjust enrichment counts challenged in NIKE's letter to Plaintiffs.  (*See id.*)

The Court has scheduled a telephonic Initial Pretrial Conference for September 21, 2020.

**NIKE's Anticipated Rule 12(b)(6) Motion to Dismiss**

Copyright Infringement (Count I): No Substantial Similarity.  The crux of Plaintiffs' copyright claim is that the six-point star graphic that appeared on certain NIKE apparel infringes Plaintiffs' copyright in the so-called "6 Point Logo."  To prevail on their copyright infringement claim, Plaintiffs must establish (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  *Feist Pubs. Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  It is axiomatic that copyright law does not protect ideas, only their expression. *Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444, 455–56 (S.D.N.Y. 2005).  A corollary to this tenet is that when the  subject work – here, an asymmetrical 6-pointed star – contains elements found in the public domain (*i.e.*, a common geometric shape), a "more discerning observer" test is utilized to assess substantial similarity, wherein those unprotectible public domain elements are discounted.  *Hayuk v. Starbucks Corp.*, 157 F. Supp. 3d 285, 290-291 (S.D.N.Y. 2016); *Dean v. Cameron*, 53 F. Supp. 3d 641, 649-50 (S.D.N.Y. 2014) (finding that similarities in works "relate[d] to elements that are unprotected, such as ideas…or features taken from nature," but that "differences…overwhelm any superficial similarity").  In other words, Plaintiffs do not own a monopoly over all outlines of abstract 6-pointed stars, and the scope of Plaintiff's copyright protection is narrow.

Where the works in question are incorporated in the complaint, as they are here, "it is entirely appropriate for the district court to consider the similarity between the works in connection with a motion to dismiss, because the court has all that is necessary to make such an evaluation." *Peter F. Gaito Architecture LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010); *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 206 (S.D.N.Y. 2019) ("District courts in this circuit may evaluate a question of substantial similarity at the motion to dismiss stage under Rule 12(b)(6).") (quoting *McDonald v. West*, 138 F. Supp. 3d 448, 454 (S.D.N.Y. 2015)).  "When evaluating substantial similarity on a motion to dismiss, no discovery or fact-finding is typically necessary, because what is required is only a visual or aural comparison of the works." *West*, 138 F. Supp. 3d at 454.  Here, no discovery is required for the Court to find that the accused design is not substantially similar to the "6 Point Logo" as a matter of law, despite the FAC's conclusory allegations that the two works are "completely identical."  (*See* FAC ¶ 44.)

WEST\291800508.1



Hon. Analisa Torres
September 18, 2020
Page Three

Even a cursory review of the two images at issue reveals that no substantial similarity exists between the allegedly infringing design and any protectible elements of Plaintiffs' 6 Point Logo. *See Pickett*, 420 F. Supp. 3d at 206 ("[W]hen faced with works that have both protectible and unprotectible elements,…[the Court]…must attempt to extract the unprotectible elements from [its] consideration and ask whether the protectible elements, standing alone, are substantially similar.") (quoting *Gaito Architecture*, 602 F.3d at 66).  Regardless of whether Plaintiffs' design is laid on its side, as seen in the FAC ¶ 44, the two works are dissimilar in all but their shared (and non-protectible) idea of an abstract, asymmetrical six-point star.  In every other respect, the works' expressions are distinct, from the dimensions and direction of each individual point to their overall silhouettes.  *See Pickett,* 420 F. Supp. 3d at 206 ("Two works are not substantially similar as a matter of law if the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or if no reasonable jury, properly instructed, could find that the two works are substantially similar.").



| Plaintiff's 6 Point Star | Accused 6 Point Star |
|---|---|
| (unaltered, *see* FAC ¶ 27) | |
| (rotated sideways, *see* FAC ¶ 44) | |

Because the accused graphic bears no substantial similarity to any protectible elements of the claimed copyrighted work, Plaintiffs' copyright claim fails as a matter of law.

Unjust Enrichment (Count VI): Federal Preemption and Failure to Plead Relationship.  "The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc*., 373 F.3d 296, 306 (2d Cir. 2004).  Moreover, "[a]lthough privity is not



Hon. Analisa Torres
September 18, 2020
Page Four


required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).

Plaintiffs' unjust enrichment claim fails for two reasons.  First, it is preempted by the Copyright Act.  "The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act…, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch*, 373 F.3d at 305.  Both prongs are satisfied here.  Plaintiffs' only substantive allegation in support of its unjust enrichment claim is that "Defendants have been enriched by the use of the 6 Point Logo in connection with the Infringing Image and Infringing Materials at Plaintiffs' expense." (FAC ¶ 101.)  This is a quintessential copyright claim in disguise.  Plaintiffs' 6 Point Logo admittedly falls within the subject matter of the Copyright Act.  (*See* FAC ¶ 68.)  Moreover, Defendants' alleged "use of the 6 Point Logo" (*id.* ¶ 101 ) is equivalent to the bundle of exclusive rights protected under Section 106, as Plaintiffs allege in support of their copyright claim.  (*See* FAC ¶ 72, alleging violation of Plaintiff Rocco's "exclusive rights to prepare derivative works of, reproduce, distribute and/or sell such protected material.")  As such, Plaintiffs' unjust enrichment claim is preempted by the Copyright Act and must be dismissed. *See Briarpatch*, 373 F.3d at 305; *Baiul v. NBC Sports*, 708 F. App'x 710, 712 (2d Cir. 2017).

Second, Plaintiffs' unjust enrichment claim fails because the FAC does not allege the requisite connection or relationship between the parties that could have caused any reliance or inducement.  *Mandarin*, 16 N.Y.3d at 182 ("[U]nder the facts alleged, there are no indicia of an enrichment that was unjust where the pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement").

For the foregoing reasons, NIKE respectfully submits that Plaintiffs' copyright infringement and unjust enrichment claims must be dismissed on a Rule 12(b)(6) motion.[1]

**DLA Piper LLP (US)**

*/s/ Tamar Y. Duvdevani*
Tamar Y. Duvdevani

cc:     Counsel of Record

---

[1] The FAC also seeks statutory damages and attorneys' fees under the Copyright Act.  This request for relief is unavailable to Plaintiffs and must be stricken because the alleged infringement began prior to the date that Plaintiff Rocco registered his copyright (which was more than three months from the date of first publication).  17 U.S.C. § 412(2).